## Case No. 15,011.

UNITED STATES v. DUSTIN et al.

[2 Bond, 332.] [1]

Circuit Court, S. D. Ohio. Oct. Term, 1869.

CRIMINAL LAW—INDICTMENT—MOTION TO QUASH—
CONSPIRACY—ALLEGATIONS OF OVERT
ACTS—COUNTS.

1. A motion to quash will not be sustained unless the indictment is bad beyond a reasonable doubt.

2. It is the practice, in the courts of the United States, where an indictment has been quashed, to hold the defendant in custody to answer to a new indictment.

3. In an indictment, based upon section 30 of the act March 2, 1867 [14 Stat. 484], charging a conspiracy to defraud the United States of the taxes due upon distilled spirits, it is not necessary to allege the specific mode agreed upon by which the object of the conspiracy was to be carried out.

4. It is sufficient, in an indictment under this law, to aver that there was a conspiracy to defraud the United States of taxes legally due, and that in pursuance of such conspiracy the defendants committed a stated overt act.

[Cited in brief in U. S. v. Patterson, 55 Fed. 616.]

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

[1] [Reported by Lewis H. Bond, Esq., and here reprinted by permission.]

5. Allegations of the overt act are not required to be as full and minute in an indictment for conspiracy as in an indictment for fraud without any conspiracy.

6. If an overt act, in violation of law, is charged as in pursuance of a previous conspiracy, it is sufficient.

[Cited in brief in U. S. v. Patterson, 55 Fed. 616.]

7. One good count in an indictment will sustain a general verdict of guilty, and though there may be different counts, it will afford no reason for quashing the whole indictment.

[This was an indictment against Daniel G. Dustin and others, charging them with a conspiracy, to defraud the government in evading the payment of taxes upon distilled spirits. Heard on motion to quash.]

W. M. Bateman, U. S. Dist. Atty.

James Sloane and H. L. Burnett, for defendants.

LEAVITT, District Judge. In this case the counsel for the defendants have submitted a motion to quash the indictment. A motion to quash will not be sustained unless the indictment is bad beyond a reasonable doubt. This rule has been adopted in view of the fact that nearly all questions involving the sufficiency of the indictment may be available to the defendant, if a conviction follows, on a motion in arrest of judgment. It is true, if the indictment is so palpably defective that no judgment could be rendered on it after conviction, it is the duty of the court to sustain the motion to quash. In this case the decision is not of any great importance to the defendants, as it is now the practice in the courts of the United States, in the exercise of their criminal jurisdiction, where an indictment has been quashed, to hold defendant in custody to answer to a new indictment. If the present motion should be sustained, no reason is perceived why such an order should not be made.

The indictment is based on section 30 of the act of March 2, 1867, providing for the punishment of conspiracies to commit crimes against, or in any manner to defraud, the United States. The first count charges that the eleven persons named, intending to defraud the United States, conspired together to evade the payment of a large amount of revenue due on distilled spirits; and, in pursuance of such unlawful agreement, did aid and abet certain persons named, in the removal to, and concealment in, of 10,000 gallons of distilled spirits in, a place other than a bonded warehouse. It is averred that such removal was from the distillery where the spirits had been distilled, without payment of the legal tax, and without giving bond as required by law.

The objection to the count is, that it does not set out the specific means by which the defendants proposed to effect the fraud charged, or name or describe the distillery from which, or the place to which, the spirits were to be removed.

The court is aware of no authorities requiring, in an indictment for a conspiracy under section 30 of this statute, that in averring the fact that the defendants agreed together to commit a criminal act or perpetrate a fraud, the specific mode agreed upon, by which the object of the conspiracy was to be carried out, should be averred. The statute referred to is far reaching, and includes every conspiracy to "defraud the United States in any manner whatever." It is sufficient, in an indictment under this law, to aver that there was a conspiracy to defraud the United States of taxes legally due; and that in pursuance of such conspiracy, the defendants committed a stated overt act. It is otherwise where a conspiracy is relied on as the criminal act, without any averment of an overt act, to effect the object of the conspiracy. In that case, all the facts must be averred which constitute the conspiracy. This, too, is the law where the conspiracy alleged is for the purpose of doing an act not in itself criminal or in violation of a statute. 2 Bish. Cr. Pl. §§ 176, 179; 2 Archb. Cr. Law, 1049; 7 Cush. 514, 515. Under these authorities the averments in this indictment, as to the objects of the conspiracy, are sufficient.

The law, as to the description of the overt acts in the indictment, seems to be the same as applicable to the averments of the conspiracy. The indictment alleges that in pursuance of the conspiracy, the defendants proceeded to perpetrate certain acts of fraud in violation of law. These acts of fraud charged are the removal of a large quantity of spirits from the distillery where they were made, to a place other than a bonded warehouse, in violation of law and with intent to defraud the United States of the tax on the same. It is claimed by counsel for the defendants that these allegations of the commission of the overt act are defective for vagueness and want of particularity, for the same reasons urged and before noticed, as applicable to description of the conspiracy.

On this point there seems to be some conflict in the authorities. But the general doctrine is, that the allegations of the overt act are not required to be as full and minute in an indictment for conspiracy as in an indictment for fraud without any charge of a conspiracy. If an overt act, in violation of law, is charged as in pursuance of a previous conspiracy, it is sufficient. U. S. v. Gooding, 12 Wheat. [25 U. S.] 460, 7 Curt. Dec. 281, 293.

In addition to points noticed, it has been strenuously argued that this indictment is bad for repugnancy and duplicity. These points are certainly not so clear of doubt as to require that the motion to quash should be sustained. If it shall be necessary, they may be more fully considered and decided hereafter.

The court has not deemed it necessary sep-

arately to consider the grounds of the motion, as applicable to the second count. They are substantially the same as those urged in reference to the first count. One good count in an indictment will sustain a general verdict of guilty; and though there may be defective counts, it will afford no reason for quashing the whole indictment.

Motion overruled.