State v. Peterson, 152 Wis. 44.

STATE VS. PETERSON.

*December 14, 1912—January 7, 1913.*

*Criminal law: Reporting case to supreme court: Question not aris-
ing on record: Arson: Self-incrimination: Immunity from
prosecution: Motion to quash information: Denial: Discretion.*

1. Pursuant to sec. 4721, Stats., the circuit court certified to this
court for decision the question, arising on a trial for arson:
"Was the fact that the defendant was compelled to give evi-
dence against himself before the fire marshal sufficient to im-
mune him from prosecution for said offense?" The record did
not show whether, on the examination before the fire marshal,
the defendant claimed his privilege against self-incrimination.
*Held,* that this was a defect, but whether sufficient in itself to
justify this court in declining to answer the question, is not
determined.

2. The statement of the case reported to this court with the ques-
tion showed that the defendant had moved to quash the in-
formation on the ground that "the evidence produced upon the
preliminary examination as well as the evidence upon which
the information was based was procured in violation of the de-
fendant's constitutional privilege of not being compelled to
give evidence against himself," and that such motion was de-
nied. Without deciding whether such denial would not settle
the facts averred in support of the motion, as well as the legal
questions involved, against the defendant, it is *held* that upon
such statement of the case the question certified does not arise.
The motion to quash being in the nature of a plea in abate-
ment, it is not within the power or province of a court, upon
the decision of such motion, to declare its effect upon future
prosecutions. The question can arise only upon a second
prosecution when the proceedings on the first are pleaded in
bar.

3. If the general words in the question, "immune him from prose-
cution," be limited to *this* prosecution,—thus presenting a dif-
ferent question and one which perhaps the trial court did not
intend to ask,—the word "immune" is inappropriate and so
ambiguous as to make the meaning of the question uncertain.

4. A motion to quash an information is ordinarily addressed to the
discretion of the court, and it may properly, in a case like this,
be denied, leaving defendant to his remedy by writ of error.

REPORTED from the circuit court for Trempealeau county: E. C. HIGBEE, Circuit Judge. *Remanded without answer.*

A question was certified to this court by the circuit court for the Sixth circuit pursuant to sec. 4721, Stats. (1898). The record transmitted to this court is as follows:

"At the general September term, 1912, the defendant was convicted of burning certain warehouses in the village of Osseo, Trempealeau county, on the 27th day of November, 1911. Before any complaint was made against him, the state fire marshal investigated the circumstances of the fire which destroyed said warehouses, and subpœnaed the defendant to testify before him concerning the same, and the defendant was compelled to testify before said fire marshal upon said examination without being advised or having knowledge of his constitutional privilege to refuse to give any incriminating evidence against himself. That during this said examination he inquired of the fire marshal if he was compelled to answer, to which inquiry no reply was made. That the testimony so given by the defendant disclosed the facts and circumstances which led directly to all of the incriminating evidence, facts, and circumstances produced against the defendant upon the trial and upon which the conviction was secured. Before pleading to the information the defendant by his attorneys moved to quash the information for the reason and upon the grounds that the evidence produced upon the preliminary examination, as well as the evidence upon which the information was based, was procured in violation of the defendant's constitutional privilege of not being compelled to give evidence against himself. That said motion was overruled.

"Now, therefore, I, E. C. HIGBEE, the judge before whom the above entitled action was tried, do hereby certify that a question of law arose upon the trial of said action, which in my opinion is so important as to require the decision of the supreme court thereon, and, the defendant having requested me to certify said question to the supreme court for answer, I hereby report the following question for the decision of said court:

"Question. Was the fact that the defendant was com-

pelled to give evidence against himself before the fire marshal sufficient to immune him from prosecution for said offense?

"Dated at La Crosse, Wis., this 30th day of September, A. D. 1912.            E. C. HIGBEE, Circuit Judge."

For the state there was a brief by *J. A. Markham,* district attorney, and a supplemental brief by the *Attorney General* and *Russell Jackson,* deputy attorney general, and oral argument by *Mr. Jackson.*

For the defendant there was a brief by *Linderman & Jedney,* and oral argument by *G. O. Linderman.*

TIMLIN, J.    There are several defects in the foregoing. It does not disclose whether the accused claimed his privilege against self-incrimination.    It is said that he was compelled to testify, and this would suggest that he did claim his privilege and that the claim was denied, but it is also said that he was without knowledge of his constitutional privilege to refuse to give any incriminating evidence against himself, which suggests that he did not claim his privilege. If the compulsion referred to merely means that the state fire marshal failed to inform the witness that he possessed such privilege, that the witness was ignorant of his rights and went on the witness stand and testified voluntarily under such circumstances, we ought to be informed of it.    We could then determine whether the witness was "compelled" or not. Whether this defect alone would be sufficient to justify us in declining to answer the question certified we need not determine.

The most serious objection to the question certified is that it does not arise upon the statement of the record returned. That statement shows a motion to quash the information "for the reason and upon the grounds that the evidence produced upon the preliminary examination as well as the evidence upon which the information was based was procured in violation of the defendant's constitutional privilege of not being compelled to give evidence against himself."    It also shows

that this motion was denied.   Passing, without deciding, the serious question whether this ruling did not settle the facts averred in support of the motion to quash as well as the legal questions involved against the moving party, we run into the following difficulty: A motion to quash an information is in the nature of a plea in abatement.   When granted it has the effect of terminating the instant prosecution but not of barring all further prosecution for the same offense.   *Mentor v. People,* 30 Mich. 91; *Turner v. State,* 21 Tex. App. 198, 18 S. W. 96; *In re Smith,* 4 Colo. 532; *Alderman v. State,* 24 Neb. 97, 38 N. W. 36; *State v. Griffice,* 74 N. C. 316; *U. S. v. Dustin,* 2 Bond, 332.   Upon the decision of such motion it would not be within the power or province of a court to declare its effect upon future prosecutions.   An abstract rule of law settles that.   Such declaration would be, as to the case in hand, the proclamation of an abstract rule of law irrelevant to the disposition of that case.   When in one criminal prosecution the information shall have been quashed upon the ground here stated and another criminal prosecution shall have been begun against the same person for the same offense and such person shall plead his former discharge upon quashal of the information in bar of the second prosecution, then and not until then will the question certified to us by the learned circuit court arise for judicial decision.   Prior to that time the discussion of such question would be merely academic and the announcement of such rule a declaration of law.   This seems to us very obvious.   Even upon a final judgment of conviction or upon a ruling upholding a plea in bar, the circuit court could not in that same action certify to this court under sec. 4721, Stats. (1898), the question whether these adjudications would bar a future prosecution against the same person for the same offense, because that question does not arise in the case in which the judgment of conviction was entered or in which the plea in bar was sustained.   It will arise in the second prosecution in which the former jeopardy is claimed or the former adjudication is re-

lied upon. If, however, it be considered that the general words contained in the question submitted, "immune him from prosecution for said offense," should be limited by the interpolation of the word "this" before the word "prosecution," we have a different question and one which we are not sure the learned circuit court intended to ask. The word "immune" is not appropriate to the latter version of the question and imports into it such ambiguity that we cannot tell if it is meant to inquire whether the ruling made upon motion to quash the information was correct or whether it is intended to inquire if a new information could under any circumstances be filed in this same prosecution. The word "immune" is very ambiguous and inappropriate in this connection. Either an affirmative or a negative answer to the question submitted might establish a rule entirely too broad for practical application or for the requisite degree of certainty. *State v. Lloyd, ante,* p. 24, 139 N. W. 514.

"As a general rule an indictment which charges the higher offenses, such as treason or common-law felonies, or other crimes which immediately affect the public at large, such as nuisance, selling by false weights, riot or unlawful assembly, or perjury, will not be quashed, but defendant will be put to his remedy by demurrer or by motion in arrest of judgment or writ of error." 22 Cyc. 412, 413, and cases cited.

Ordinarily the motion to quash must be made before arraignment or plea. Id. 414, and secs. 4651, 4654, Stats. (1898). "A motion to quash an indictment is ordinarily addressed to the discretion of the court, the accused not being entitled to demand a quashal as a matter of right." 22 Cyc. 413 and cases. That is, the court may deny the motion to quash and compel the accused to present the question upon writ of error. The defendant has a very plain and efficient remedy by writ of error.

*By the Court.*—Question remanded to the circuit court without answer.