ROHLFS, Plaintiff in error, vs. THE STATE, Defendant in error.

*May 2—June 11, 1930.*

*J. E. O'Brien* of Fond du Lac, for the plaintiff in error.

For the defendant in error there was a brief by *L. E. Gooding,* district attorney of Fond du Lac county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Gooding* and *Mr. Messerschmidt.*

STEVENS, J. (1) The verdict is so clearly supported by the evidence as to remove all reasonable doubt of the defendant's guilt. The evidence clearly discloses the motive which actuated the defendant in committing these crimes.

The defendant had lost his farm through foreclosure. He continued to live upon the farm. His attempts to secure money with which to redeem had failed. He made threats against the purchaser at the foreclosure sale. He told an acquaintance that he would set fire to the house on the farm by the use of such means that the fire would start after he had left home, so that he would not be suspected, and that he could then collect the insurance and redeem his land. Thereafter the house did burn a little time after defendant left the home. Defendant then attempted to collect the insurance.

Later, when the purchaser of the farm at foreclosure sale served notice on the defendant that he must vacate the place, the defendant became angry. That night a barn on another farm owned by the purchaser burned. Thereafter the defendant told a witness, who testified on the trial, that he had set fire to both of the buildings.

The proof supplies such convincing evidence of guilt that the judgment must be affirmed, unless there were errors committed upon the trial which prejudiced the substantial rights of the defendant.

(2) The court in its instructions referred to the testimony of witnesses who recited what the defendant had told them as "admissions." The court very fully and carefully instructed the jury as to their duty to scrutinize such admissions, and told them that they should be given no weight unless the evidence showed that they were clearly made and correctly remembered and reported. The court added that if the proofs showed that such admissions were clearly made and correctly restated, they were "entitled to the same weight and consideration as any other credible evidence in the case.".

There was no error in these instructions. "Where the admission is deliberately made and precisely identified, the evidence it affords is often of the most satisfactory nature." *Scheer v. Ulrich,* 133 Wis. 311, 317, 113 N. W. 661. The court might properly have added the instruction that, to be given such weight as evidence, such admissions should have been made with some degree of deliberation, under the rule stated in *Colbert v. State,* 125 Wis. 423, 438, 104 N. W. 61. But it clearly appears from the proofs that such admissions were deliberately made. The court is therefore satisfied that no prejudicial error was committed in the instructions which the trial court gave or refused with reference to admissions.

(3) The State was permitted to prove that the owner of the farm found the fences on the farm all cut to pieces after the defendant left the place. This proof was received upon

the express condition that the State would show that the defendant cut these fences. The proof was objected to by the defendant on the ground that it tended to prove another and a subsequent crime. But when the State offered proof of admissions by the defendant that he had cut these fences, the defendant made no objection to the reception of that evidence.

But if the reception of this evidence prejudiced the substantial rights of the defendant, the court ought not to permit the failure of the defendant to object to this testimony to stand in the way of doing justice to the defendant. The court is satisfied, however, that this evidence was admissible as tending to show that the defendant had formed a general plan or design to injure or damage the one who had purchased his farm upon foreclosure, and that the burning of the house and the barn here in question was only a part of this general plan or design. *Dietz v. State,* 149 Wis. 462, 472, 136 N. W. 166; *State v. Meating, ante,* p. 47, 231 N. W. 263, decided herewith.

Defendant was called before a deputy state fire marshal, put under oath and questioned as to these two fires, without being cautioned as to his constitutional right to refuse to answer. This fact furnishes no basis for a reversal of the judgment of conviction. The fire marshal was under no duty to advise the defendant as to his constitutional rights. *State v. Lloyd,* 152 Wis. 24, 30, 139 N. W. 514. More than that, the court is satisfied that the defendant was in no way prejudiced by this examination, because nothing was developed on that examination which was materially different from the testimony given by the defendant on the witness stand during the trial.

*By the Court.*—Judgment affirmed.