MARTIN and another, Plaintiffs in error, vs. THE STATE, Defendant in error.

*October 12—November 6, 1934.*

For the plaintiffs in error there was a brief by *James J. Kerwin,* attorney, and *Stewart G. Honeck* of counsel, both of Milwaukee, and oral argument by *Mr. Kerwin.*

For the defendant in error there was a brief by *William A. Zabel,* district attorney of Milwaukee county, *Paul Stover,* assistant district attorney, the *Attorney General,* and *Joseph G. Hirschberg,* deputy attorney general, and oral argument by *Mr. Stover* and *Mr. W. H. Resh,* assistant attorney general.

ROSENBERRY, C. J. It is a fair inference that the defendants and Mrs. Bracken were all engaged in transactions connected with the transportation and sale of illicit liquor. At the conclusion of the state's case, defendants' counsel asked to have the jury excused to enable him to present a motion to the court, whereupon the court ruled: "If it is a motion

to discharge, that motion is now denied." Counsel for the defendants cite no case and we find none in which it has ever been held or intimated that it was improper for the court to make a ruling upon sufficiency of the evidence to sustain the allegations of the information while the jury was present. It is considered that the contention is without merit.

The complaining witness testified that she had procured part of the money of which she was robbed from an insurance company. Upon cross-examination, counsel for defendant sought discovery as to the name of the insurance company which the complaining witness declined to disclose. Upon request of counsel for defendant that the court instruct the witness to answer, the court suggested that she need not do so if the answer would tend to incriminate her, whereupon the witness ultimately testified that the answer would tend to incriminate her and she was not required to answer. Subsequently an effort was made by counsel for defendant to inquire into the facts of a supposed attempt to "hijack" a load 'of alcohol belonging to the complaining witness, apparently for the purpose of disclosing the source of the fund derived from the insurance company. The complaining witness declined to answer on the ground that the answer would violate her constitutional privilege against self-incrimination. Error is assigned on the ground that the court should not, at the stage of the proceeding then reached, have instructed the witness that she might decline to answer if the answer would tend to self-incrimination. If the matter had been left as it was when the instruction was first given, a substantial question would have been raised. However, defendants' counsel put the matter beyond question by his cross-examination.

Whether or not a witness is entitled to claim his constitutional privilege in a particular case is a matter for the trial court. *Kirschner v. State,* 9 Wis. *140. See also

*Rudolph v. State,* 128 Wis. 222, 107 N. W. 466.   At the time the court informed the witness of her privilege the record was incomplete, and it would no doubt have been better practice for the trial court to have awaited a fuller development of the evidence and not have been so hasty in suggesting the matter of privilege to the witness.   *State v. Lloyd,* 152 Wis. 24, 139 N. W. 514.   It is quite apparent that the court knew something which does not appear of record.   The court should be careful to see that the record discloses all the facts upon which its ruling is based.

We have carefully considered the evidence as disclosed by the record in this case and find no reversible error.

*By the Court.*—Judgment affirmed.