FERGUSON, Plaintiff in error, v. STATE, Defendant in error.

*Nos. State 100, 101. Argued January 9, 1969.—Decided February 7, 1969.*
(Also reported in 164 N. W. 2d 492.)

For the plaintiff in error there was a brief and oral argument by *Nathaniel D. Rothstein* of Milwaukee.

For the defendant in error the cause was argued by *Harold B. Jackson, Jr.,* assistant district attorney of Milwaukee county, with whom on the brief were *Bronson C. La Follette,* attorney general, and *David J. Cannon,* district attorney.

ROBERT W. HANSEN, J.     The evidence before the jury upon which the finding of guilty was made is as follows:

Two Milwaukee police officers responded to a call over the police radio that juveniles had entered Ma's Tavern at 24th and Vine streets in that city.  This was during the evening of August 7, 1967.  Arriving at the tavern, they discovered from 10 to 15 juveniles fleeing the premises and a man hurrying away from the rear entrance of the closed tavern.  The man was apprehended and questioned.  The two officers observed bottles of liquor and packages of cigarettes strewn about the outside of the tavern near the rear entrance.

One of the officers noticed that a pane of glass had been removed from the locked rear door of the building. He crawled through the opening.  He then saw that the door leading to the tavern itself was open, the molding around the door in the ear of the lock having been jimmied or broken.

Inside the tavern, the officer found a juvenile, busily engaged in placing liquor bottles in a cardboard box. He saw two or three boxes of liquor on the floor inside the tavern in the improvised loading area.  The officer saw the defendant standing behind the bar, reaching below the bar and placing bottles of liquor on top of it.

Upon being placed in custody, the defendant stated that he was in the tavern looking for his nephew who, he claimed, was one of the juveniles who had fled the scene.

Defendant claims that this evidence was not sufficient to establish the defendant's guilt beyond a reasonable doubt. That position cannot be sustained. Actually, the defendant was interrupted in the very act of burglarizing the tavern. If believed by the jury, as it apparently was not, his explanation that he was looking for his nephew would not account for his position behind the bar nor for his act of reaching down for bottles of liquor and placing them on top of the bar. Looking for a nephew is a possible explanation of one's presence on somebody else's property without the consent of the owner. However, even in the realm of possibilities, far short of the realm of probabilities, it cannot be stretched to explain, much less justify, one's being behind a bar and moving merchandise from where it had been left by the owner to the top of the bar.

Defendant's counsel points out that sec. 943.10 (1) (a), Stats., requires entry into the building with intent to steal, contending that the act of stealing after one is on the premises does not establish that he entered with such intent. It is the intent at the time of entering, not intent at the time of the burglarizing, that controls. This is true enough, but the intent at entry is not conclusively determined by the explanation subsequently offered by the defendant. If so, the intent to steal would almost always follow, seldom precede or accompany, the act of intentional entering. If the defendant's explanation determined this matter, convicting anyone of burglary would become not just difficult, but impossible. The jury is entitled to find the intent at entry from all of the physical facts. The jury may give consideration to, but is not required to believe, the explanation of initial intent given by the defendant himself. In determining why the defendant entered the building, the jury certainly is entitled to give weight to what the defendant actually did

after he entered. The fact that he was apprehended in the act of burglarizing the premises is not to be disregarded in determining what he had in mind when he entered into the premises. Such poisonous fruit does not usually fall from an innocent tree. On this record, it is easy to perceive why the jury found that the defendant intentionally entered Ma's Tavern without the consent of the owner and with intent to steal. It is hard to see how the jury could have made any different finding. The jury would have had to have the digestion of an ostrich to believe that the defendant crawled through the broken rear window, went behind the bar and started taking bottles of liquor, without intending at the time of entry to do what he did do after entering.

Defendant additionally contends that it was error to admit into evidence bottles of liquor and packages of cigarettes that were found by the officers just outside the rear entrance of the burglarized tavern. (The prosecutor did move to withdraw such exhibit during the trial, which motion was granted. The jury was not instructed to disregard such exhibit. No request was made that the jury be so instructed.) The argument is made that no link was established between the defendant and the bottles of liquor and cigarettes found outside the tavern's rear entrance. We need not reach the question of whether the physical facts here established support an inference that the property already removed from the tavern is linked with the property being readied by the defendant for removal. No one sought to establish such a linkage. No question was asked of the defendant or of any other witness even suggesting that the defendant had earlier placed the stolen merchandise outside the tavern or that he had started such merchandise on its journey to its place of hurried abandonment.

The question then is whether it was proper to give to the jury the complete picture of the situation existing at the time of defendant's bottle-moving activities. Such evidence of the general fact situation is part of the *res*

*gestae,* the thing which happened. This court has adopted the doctrine of inclusiveness, rather than of exclusiveness, in regard to the admission of any circumstances which may throw light upon the matter being investigated. This is consistent with this court's general view of criminal proceedings as a search for the truth, not as a horse race in which the jury is to wear blinkers to block out an overall view of the prevailing situation.

While the case related to the admissibility of circumstantial evidence to actually establish a necessary element in the commission of the crime, the language of *State v. Dunn* (1960), 10 Wis. 2d 447, 465, 103 N. W. 2d 36, supports the admissibility of articles found at the scene of a crime which give the jury a more complete picture of the overall fact situation then existing:

"As pointed out at 20 Am. Jur., Evidence, p. 261, sec. 273, few convictions in criminal cases could be had if direct testimony of eyewitnesses were required, and . . .

" 'The modern doctrine is extremely liberal in the admission of any circumstances which may throw light upon the matter being investigated; great latitude must be given the state in the production of its evidence in proof of criminal charges. . . . Evidence of circumstances which tend to connect the accused with the commission of a crime is properly admitted, even though inconclusive in character. Such evidence is competent to establish many varying facts. Circumstantial evidence may alone be available in proving elements of crime, such as malice, intent, or motive, which exist only in the mind of the perpetrator of the deed.' "

Objections can be raised to the weight to be given such evidence, but not to its admissibility. Where it is clear that the articles admitted into evidence were introduced solely to show the general circumstances under which the crime was committed, no undue weight nor improper connotations accompanied the introduction. It would be a simple matter to hold the introduction of the exhibit to be harmless error because it was made clear to the jury that the articles found at the rear of the burglarized tav-

ern were not, nor claimed to be, in possession of the defendant, particularly since no request was made for an instruction to the jury to disregard the withdrawn exhibit. However, we find for the reasons stated that permitting the exhibit to be introduced was no error at all.

*By the Court.*—Judgment and order affirmed.