STATE, Respondent, v. HANCOCK, Appellant.

*No. State 89.  Argued October 9, 1970.—Decided November 6, 1970.*
(Also reported in 180 N. W. 2d 517.)

For the appellant there was a brief by *William W. Ward* and *Joseph W. Hughes,* both of New Richmond, and oral argument by *Mr. Hughes.*

For the respondent the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, and *Allan O. Maki,* district attorney of St. Croix county.

WILKIE, J. Three issues are presented on this appeal:

1. Did the trial court commit prejudicial error in admitting into evidence the two loaded pistols carried by defendant's coconspirator at the time of the burglary?

2. Did the trial court err in restricting defense counsel's examination of the clerk of court?

3. Did the court improperly restrict defense counsel's final argument to the jury?

1. *The admission into evidence of the two pistols.* Defendant contends that there was prejudicial error to his cause when the trial court allowed the admission

of the two loaded pistols carried by Tauscher at the time of the burglary and further allowed these exhibits to remain in the sight of the jury. He offers two reasons in support of his position: (1) The defendant did not know that Tauscher had the guns on his person; and (2) since Tauscher, as principal in the crime, was not charged with armed burglary, the guns were neither material nor relevant.

But defendant's first contention is clearly contradicted by the record. Johnson testified that Tauscher had the guns and that immediately prior to their departure from Utgard's trailer home, Tauscher waved a gun at him in the presence of defendant. Further, defendant's personal knowledge of the guns is immaterial:

". . . [Where the admission of weapons] is sought to throw light on issues other than accused's connection with the crime, as where they are offered simply to show the means by which someone committed it, or generally as part of the res gestae, weapons or instruments sufficiently identified as being connected with the crime are admissible without their being connected with accused." [1]

Similarly, defendant's second contention that since the principal, Tauscher, was not charged or convicted of *armed* burglary, the pistols were neither material nor relevant, is without merit:

"As a general rule, articles or objects, including those found at the scene of the crime, which are properly identified and which form a part of the transaction, or tend to show the commission of the crime or the manner in which it was committed, . . . or give the jury a more accurate impression of the facts, . . . are admissible in evidence for inspection and observation by the jury." [2]

Further, sec. 939.05 (1), Stats., provides for the charging and conviction of one who is "concerned in the com-

---

[1] 22A C. J. S., *Criminal Law*, p. 965, sec. 712 b.

[2] *Id.* at pages 946, 947, sec. 709. *See also: Ferguson v. State* (1969), 41 Wis. 2d 588, 592–594, 164 N. W. 2d 492.

mission of a crime," regardless of whether the person actually committing the crime is convicted of doing so, or has been convicted of a lesser degree of the crime.[3] Here, of course, the person directly committing the crime was convicted.

While it is true that the possession of a weapon and the admission of the weapon into evidence would not be necessary to convict a defendant of burglary, this in itself does not make the guns inadmissible. The guns were clearly admissible. While it is true that the trial court might, in the exercise of its discretion, exclude evidence that is otherwise admissible,[4] defendant has offered nothing to show that such refusal was, in this case, an abuse of discretion. The only potential ground for excluding the guns would be that they would unduly prejudice the jury. No such showing has been made here. The guns were introduced along with the tools used to perpetrate the crime. Nothing in the record indicates undue emphasis on them, and they were excluded from the jury room. In light of the entire record, it does not appear that the jury might have reached a different result had the guns not been admitted [5] since it seems clear that there was sufficient additional evidence which, if believed, would support the verdict of the jury.

2. *Restriction of defendant's examination of the clerk of court.* Defendant contends that the court refused to allow him to call the clerk of court to testify as to the prior convictions of Tauscher and Johnson. When the defense called the clerk of court, a discussion as to the purpose of doing so was had in chambers. The

---

[3] Sec. 939.05 (1), Stats. *See State v. Nutley* (1964), 24 Wis. 2d 527, 129 N. W. 2d 155, certiorari denied, 380 U. S. 918, 85 Sup. Ct. 912, 13 L. Ed. 2d 803. *See also: Fritz v. State* (1964), 25 Wis. 2d 91, 97, 130 N. W. 2d 279, certiorari denied, 380 U. S. 936, 85 Sup. Ct. 947, 13 L. Ed. 2d 824.

[4] *Whitty v. State* (1967), 34 Wis. 2d 278, 294, 149 N. W. 2d 557.

[5] *Block v. State* (1968), 41 Wis. 2d 205, 212, 163 N. W. 2d 196.

district attorney objected on the ground that both witnesses had admitted prior convictions, and that both admitted being convicted on charges of burglary arising out of the transactions here in question. The court sustained the objection on these grounds.

This alleged error was not raised in defendant's motion for a new trial, and, for that reason, cannot be raised here on this appeal as a matter of right.[6]

In our discretion we elect to review this allegation of error and make the following observations. There was definitely some confusion on the part of defense counsel as to whether Johnson had in fact been convicted. Defense counsel argued that since Johnson's sentence was deferred and he was placed on probation he had not, in fact, been convicted. This argument is untenable. The trial court read the clerk of court's record of the conviction into the record of the proceedings that were held in chambers.

It is clear that the law in Wisconsin precludes inquiry upon cross-examination into the nature of prior convictions and the sentences imposed thereon when the witness admits them on direct examination.[7] The court here merely informed defense counsel that while he might call the clerk of court, he would sustain any objection as to this type of inquiry. Clearly this was not error. And we note that defense counsel was, in fact, allowed to inquire into these matters on cross-examination.

3. *The alleged improper restriction of defense counsel's argument.* As to defense counsel's argument that improper restrictions were allegedly imposed on his final argument, we must first point out that no record was actually requested of his final argument as is re-

---

[6] *State v. Ruud* (1969), 41 Wis. 2d 720, 728, 729, 165 N. W. 2d 153.

[7] *State v. Cathey* (1966), 32 Wis. 2d 79, 89, 90, 145 N. W. 2d 100.

quired by sec. 256.55 (3), Stats.[8] Obviously, the trial court heard the argument and refused to grant a new trial on those grounds. There is no reason to hold this refusal an abuse of discretion in the absence of a clear showing to the contrary, and without a record of that argument there is no basis for this court to make such a review.

There was an extended discussion in chambers with regard to what defense counsel could comment upon in his closing argument. Our examination of the record convinces us that the court did not anticipate, as defendant alleges in his brief, since defense counsel continually told the court what he proposed to argue. Far beyond its duty, the court made several attempts to remove the obvious confusion of defense counsel as to (1) the law regarding impeachment by prior convictions, and (2) more important, whether Johnson had, in fact, been convicted of burglary.

The judge's statements as to the potential mistrial that might result from defense counsel's attempt to comment *contra* to the ruling of the court can in no way be reasonably construed as "a threat," "words of intimidation" or as an indication that "the court was more concerned about mistrial than he was about the rights of a defendant in a criminal trial." Nor do they constitute "trying the case in chambers instead of in the presence of the jury."

Defendant's statement that he was limited to "comment only on the reasonableness and plausibility" of the testimony of Tauscher and Johnson is hardly accurate, since the court clearly stated he could point out that Johnson and Tauscher had been convicted of burglary out of the transaction in question and that Johnson was on probation, since he had so testified on cross-examina-

[8] *Jandrt v. State* (1969), 43 Wis. 2d 497, 504, 505, 168 N. W. 2d 602.

tion. However, the court precluded the defense from stating that the men had not been convicted or sentenced.

We are satisfied that the trial court did not abuse its discretion in denying defendant's motion for a new trial.

*By the Court.*—Order affirmed.