State *v.* Caldwell.

//

STATE OF TENNESSEE *v.* ALEX. CALDWELL.

CRIMINAL LAW. *Lewdness. Two persons jointly indicted for. One may be convicted, though the other was acquitted.* A conviction of one party, charged with lewdness, may follow the acquittal of the other, jointly charged.

FROM LAUDERDALE.

Appeal from the Circuit Court. T. J. FLIPPIN, Judge.

ATTORNEY-GENERAL HEISKELL for the State.

LYNN & OLDHAM for Caldwell.

FREEMAN, J., delivered the opinion of the court.

Defendant, with a woman named Green, were jointly indicted for open and notorious lewdness. The par-ties severed for trial, and the woman was acquitted. A plea was filed in bar to the further prosecution on the part of defendant on the ground that the ac-

State *v.* Caldwell.

quittal of the woman operated as equivalent to an acquittal of the man, as the offense could only be committed by two persons. The plea was demurred to, but the demurrer overruled. The attorney-general declining to take issue on the plea, the defendant was discharged and the State appealed.

We think the court erred in refusing to sustain the demurrer. The State might fail to be able to make proof of the offense in the trial of one party from many causes, yet might be able to make proof on the trial of the other. We so held at Nashville some time since, and approve the holding. The acquittal of one could not show the other was not guilty.

Reverse the judgment and remand the case to be further proceeded with.