KOHLER COMPANY, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.

*January 11—April 7, 1937.*

For the appellant there was a brief by *Lucius P. Chase* and *Lyman C. Conger,* both of Kohler, and oral argument by *Mr. Chase.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent Anna Schuester there was a brief by *Buchen & Federer* of Sheboygan, attorneys, and *L. A. Tarrell* of Milwaukee of counsel, and oral argument by *Mr. Tarrell.*

The following opinion was filed February 9, 1937:

FRITZ, J.   On this appeal from a judgment confirming an award made by the Industrial Commission for the payment of a death benefit by the plaintiff, Kohler Company, to Anna Schuester, as the widow and surviving dependent of Paul Schuester, who died as the result of an occupational disease contracted while in the employ of the plaintiff, the latter assigns as error the court's failure to set aside the award on the ground that the commission acted in excess of its powers in awarding a death benefit to Anna Schuester, in excess of the maximum amount which might have accrued to Paul Schuester for permanent total disability if death had not ensued.

In order to pass upon that assignment of error it suffices to note the following facts as to which there is no dispute on this appeal: On May 11, 1931, Paul Schuester suffered partial disability and a resulting wage loss by a transfer to lighter work because of an occupational disease which he contracted in the course of his employment by the plaintiff.   On June 27, 1931, the nature of his disease and disability and the relation thereof to his employment were made known to him by his physician.   On April 17, 1934, while he was still in the employment of the plaintiff, he sustained total disability because of that disease, and therefore he filed an application on May 15, 1934, for the payment of compensation by the plaintiff.   He died on March 2, 1935, as the result of that disease, and on April 17, 1935, Anna Schuester filed an application for the payment of death benefits to her as his dependent.   Thereafter hearings were had upon both applications and the commission ultimately determined that because Paul Schuester was informed by June 27, 1931, as to the nature of his disability and its relation to his employment, and he knew or ought to have known thereof before Janu-

ary 1, 1932, but filed no application until May 18, 1934, his claim for compensation was barred under the provisions of sec. 102.12, Stats. However, in respect to Anna Schuester's claim the commission concluded upon the same findings of fact that because her application was filed on April 17, 1935, which was within two years from her husband's death on March 2, 1935, her claim was not barred for the reason that sec. 102.12, Stats., provided "for barring of the claim unless application is filed within two years from the date of injury or *death.*" In view of that conclusion the commission determined that Anna Schuester was entitled as a dependent to the award of the death benefit under review, without, apparently, taking into consideration the limitation prescribed in sec. 102.09 (3) (a), Stats. 1929 (now sec. 102.46), as to the sum which can be awarded as a death benefit.

The plaintiff contends that no award of any sum as a death benefit can be made in this case because of the provision in sec. 102.09 (3) (a), Stats., that the death benefit, when added to the disability indemnity paid and due to a disabled employee at the time of his death, "shall not exceed the maximum amount which might have accrued to him for permanent total disability if death had not ensued." Plaintiff bases its contention upon the proposition that, under the facts which are undisputed on this appeal, no amount "might have accrued" to Paul Schuester for permanent total disability even "if death had not ensued," because for some time prior to his death, the right on his part to compensation for such disability had become barred under sec. 102.12, Stats., by reason of his failure to file an application therefor within two years from June 17, 1931, the date on which he knew or ought to have known the nature of his disability and its relation to his employment. That proposition is sound, and because of it and the provision in sec. 102.09 (3) (a), Stats., that the death benefit shall be a sum "which, when added to

the disability indemnity paid and due at the time of death, *shall not exceed the maximum amount which might have accrued to him* [the disabled employee] *for permanent total* disability *if death had not ensued,"* the plaintiff's contention must be sustained. In view of the limitation prescribed by that provision in respect to the sum which can be awarded as a death benefit, it is necessary in making such an award to ascertain the maximum amount "which might have accrued to the injured employee for permanent disability if death had not ensued." And if, as under the facts in this case and the law applicable thereto, no amount whatsoever could accrue for such disability to the employee because of any other reason than "if death had not ensued," then an award of any sum at all exceeds, obviously, the amount awardable, as it is limited by that provision; and is therefore an award which is unauthorized and in excess of the commission's powers. It follows that the plaintiff was entitled to judgment vacating the award.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment vacating the award.

A motion for a rehearing was denied, without costs, on April 7, 1937.