WEISSGERBER, Appellant, vs. INDUSTRIAL COMMISSION
and another, Respondents.

*December 11, 1942—January 12, 1943.*

*L. A. Tarrell* of Milwaukee, for the appellant.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent Kohler Company there was a brief by *Lyman C. Conger* of Kohler and *Stroud, Stebbins & Wingert* of Madison, and oral argument by *E. L. Wingert.*

FAIRCHILD, J.   This is an application of the widow of an employee for a death benefit under the Workmen's Compensation Act, where death allegedly resulted from disease.   The claim is barred by the statute.   ·The last day the employee worked was June 27, 1934, he died on March 30, 1940, and no claim was filed until February 26, 1941.   The law applicable to the events here involved is found in secs. 102.46 and 102.17 (4), Stats. 1933.   Sec. 102.46 was before us in the case of *Kohler Co. v. Industrial Comm.* 224 Wis. 369, 271 N. W. 383.   It was there held that the application for a claim must be filed within the time fixed after the date of injury or death, that the right of a dependent ·was limited in amount to what the deceased might have recovered had he lived.

Sec. 102.17 (4), Stats. 1933, provides :

"The right of an employee, his legal representative or dependent to proceed under this section shall not extend beyond six years from the date of the injury or death or from the date that compensation (other than medical treatment or burial expenses) was last paid, whichever date is latest."

By sec. 102.01 (2), Stats. 1933, " 'date of injury' is . . . in the case of disease, the last day of work for the last employer whose employment caused disability."   If it occurred in this case, it could not be later than June 27, 1934.   Here, then, although the six-year period had not expired at the time the

employee died, it had expired by the time the widow filed her claim. Under the holding in the *Kohler Case, supra,* the dependent can get no greater right than the employee would have had, had he survived. Since an application filed by Weissgerber on February 26, 1941, would have been barred, the same is true for the claim of the present plaintiff. The death of the employee does not start a new period of limitations running in favor of his dependent.

*By the Court.*—Judgment affirmed.

BARLOW, J., took no part.