STATE, Appellant, v. MILLS, Respondent.

*No. State 116. Argued January 4, 1974.—Decided February 5, 1974.*
(Also reported in 214 N. W. 2d 456.)

For the appellant the cause was argued by *Richard C. Kelly*, Juneau county district attorney, with whom on the briefs was *Robert W. Warren*, attorney general.

For the respondent there was a brief by *Conway & Conway* of Baraboo, and oral argument by *Georgia A. Felger* of Milwaukee.

HANLEY, J. The sole issue presented on appeal is whether the trial court, in granting a new trial pursuant to sec. 974.02, Stats., on the basis of inconsistent verdicts, abused its discretion.

The law is well-settled that a motion for a new trial is directed to the discretion of the trial court and that an order for a new trial will be affirmed unless there is an abuse of discretion.[1] "On review the supreme court seeks not to sustain the verdict of the jury but looks for

---

[1] *State v. La Fernier* (1967), 37 Wis. 2d 365, 155 N. W. 2d 93.

reasons to sustain the findings and order of the trial judge." [2] However, this rule is subject to the qualification set forth in *Holtz v. Fogarty* (1955), 270 Wis. 647, 651, 72 N. W. 2d 411:

"Counsel for defendants states correctly that the granting of a new trial for error or in the interest of justice rests largely in the discretion of the trial court. The rule does not apply, however, where it is clear that the court proceeded upon an erroneous view of law. *Weissgerber v. Industrial Comm.* 242 Wis. 181, 7 N. W. (2d) 415; *Graff v. Hartford Accident & Indemnity Co.* 258 Wis. 22, 44 N. W. (2d) 565 . . . ."

This same qualification was reiterated in *Steinhorst v. H. C. Prange Co.* (1970), 48 Wis. 2d 679, 682, 180 N. W. 2d 525.

"An erroneous view of the law is also a ground for reversal or, as is said in some cases, amounts to an abuse of discretion."

Consequently, if the trial court was in error as to its view as to the effect of inconsistent verdicts in criminal matters, the order granting the new trial must be reversed.

The trial court went to great lengths to discuss the fact that the verdicts were inconsistent. The trial court determined that intent was an element included in all counts charged in the information. Similarly, the court determined that the only basis upon which the jury could have acquitted the defendant of operating Chief Barth's automobile without his consent was on the failure on the part of the jury to find the requisite intent because of intoxication. Thus, since the jury was required to find intent so as to convict the defendant of resisting arrest and battery to a police officer but must find reasonable doubt as to intent to acquit the defendant of operating an automobile without the owner's consent, the

[2] *State v. La Fernier, supra,* at page 373.

verdicts were inconsistent. In this conclusion the trial court was correct. However, in concluding that on the basis of this inconsistency the trial court should reverse the verdicts or grant a new trial, the trial court erred.

It has been universally held that logical consistency in the verdict as between the several counts in a criminal information is not required.[3] The verdict will be upheld despite the fact that the counts of which the defendant was convicted cannot be logically reconciled with the counts of which the defendant was acquitted.

The rule dispensing with the necessity for logical consistency as between convictions and acquittals in a multi-count information found its genesis in *Dunn v. United States* (1932), 284 U. S. 390, 52 Sup. Ct. 189, 76 L. Ed. 356. In *Dunn,* the defendant had been convicted of maintaining a liquor nuisance but was acquitted of related counts of unlawful possession and unlawful sale of liquor. While noting attempts on the part of the government to argue that the verdicts were not necessarily inconsistent, Mr. Justice HOLMES held that:

"Consistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment." [4]

This holding has since been relied upon by federal [5] and Wisconsin [6] decisions to that effect.

The reasons behind the rule that logical consistency between the verdicts on the several counts of an information in criminal matters is not necessary are several.

---

[3] *See: Criminal Verdict—Inconsistency,* 18 A. L. R. 3d 259.

[4] *Dunn v. United States, supra,* page 393.

[5] *See: United States v. Lambert* (7th Cir. 1972), 463 Fed. 2d 552; *United States v. Russo* (7th Cir. 1964), 335 Fed. 2d 299.

[6] *Hebel v. State* (1973), 60 Wis. 2d 325, 210 N. W. 2d 695; *Teske v. State* (1950), 256 Wis. 440, 41 N. W. 2d 642; *State v. De Hart* (1943), 242 Wis. 562, 8 N. W. 2d 360; *Gundlach v. State* (1924), 184 Wis. 65, 198 N. W. 742; *State v. Lloyd* (1913), 152 Wis. 24, 139 N. W. 514; *Burns v. State* (1911), 145 Wis. 373, 128 N. W. 987.

Initially, if the contrary were the case—that the absence of logical consistency would be fatal to the verdict—the state would be entitled to have the jury instructed that a finding of not guilty as to one count would be fatal to their findings of guilt as to other counts. Such an instruction would be inconsistent with present instructions and detrimental to the defendant's right to a fair trial.

Also, it is conceded that juries have historically exercised a sense of lenity in criminal matters:

> "The most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt. We interpret the acquittal as no more than their assumption of a power which they had no right to exercise, but to which they were disposed through lenity." [7]

and have granted numerous defendants clemency for crimes which they have committed and which the evidence is sufficient to sustain. Such is especially true today in light of prosecutorial practice to charge the defendant with all possible crimes arising from a specific transaction in hopes that the jury will convict on some, if not all.

We are of the opinion that the inconsistencies found in the jury verdict resulted solely from the fact that they believed the defendant to be overcharged and thus exercised lenity as to the charge of operating an automobile without the owner's consent. A review of the evidence permits no other conclusion. The evidence was sufficient to convict the defendant on all charges from the incident on July 27, 1971, and the evidence was clearly insufficient to establish defendant's defense of intoxication. [8]

---

[7] *Steckler v. United States* (2d Cir. 1925), 7 Fed. 2d 59, 60.

[8] The defense of voluntary intoxication is applicable when it negatives the intent which is an essential element of the crime. Sec. 939.42, Stats.; *Roberts v. State* (1969), 41 Wis. 2d 537, 164 N. W.

We conclude that the trial court was in error in granting the defendant's motion to set aside the judgments of conviction and granting a new trial. The order is reversed and the cause remanded with directions to reinstate the jury's verdicts of guilty as to Counts 1, 3 and 5 and enter judgments of conviction and impose sentence.

*By the Court.*—Order reversed, and cause remanded with directions.

BEILFUSS, J., took no part.

---

2d 525. It is clear that such a state of intoxication was not herein found. The defendant's brother testified that the defendant was in good enough physical condition to drive an automobile. The bartender at the tavern in which the defendant was drinking testified that in his opinion the defendant was not under the influence. Mrs. Pat Kallies testified that the defendant did not act drunk, and the defendant's sister testified that she couldn't 'tell if the defendant was drunk. "The only thing I know is that he was happy, he seemed to be enjoying himself and having a good time."

". . . The 'intoxicated or drugged condition' to which the statute refers is not the condition of alcohol-induced incandescence or being well-lit that lowers the threshold of inhibitions or stirs the impulse to criminal adventures. It is that degree of complete drunkenness which makes a person incapable of forming intent to perform an act or commit a crime. *To be relieved from responsibility for criminal acts it is not enough for a defendant to establish that he was under the influence of intoxicating beverages. He must establish that degree of intoxication that means he was utterly incapable of forming the intent requisite to the commission of the crime charged.*" (Emphasis supplied.) *State v. Guiden* (1970), 46 Wis. 2d 328, 331, 174 N. W. 2d 488. Such a degree of intoxication was not established.