INTERNATIONAL PAPER COMPANY, Helmsman Management Service and Robert Wieseler, deceased, by Lorraine Wieseler, widow, Plaintiffs-Appellants,

v.

LABOR AND INDUSTRY REVIEW COMMISSION and Work Injury Supplemental Benefit Fund, Defendants-Respondents.

Court of Appeals

*No. 01–0126. Submitted on briefs July 23, 2001.—Decided September 25, 2001.*

2001 WI App 248

(Also reported in 635 N.W.2d 823.)

On behalf of the plaintiffs-appellants, there were joint briefs for International Paper Company and Helmsman Management Service, by *Peter S. Nelson* of *Nesemann Law Office, S.C.* and for Robert Wieseler, deceased, by *Lorraine Wieseler*, by *Anthony W. Welhouse* of *Welhouse Law Office*, both of Appleton.

On behalf of the defendant-respondent, Work Injury Supplemental Benefit Fund, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Stephen M. Sobota*, assistant attorney general.

On behalf of the defendant-respondent, Labor and Industry Review Commission, the cause was submitted on the brief of *William W. Cassel* of Madison.

Before Cane, C.J., Peterson and Dykman, JJ.

¶ 1. CANE, C.J. Lorraine Wieseler, Helmsman Management Service and International Paper Com-

pany appeal a circuit cour t order affirming a decision of the Labor and Industry Review Commission (LIRC) concluding that International Paper Company, rather than the Work Injury Supplemental Benefit Fund (the fund), is liable to pay Lorraine death benefits pursuant to WIS. STAT. § 102.46.[1] Lorraine, whose husband, Robert Wieseler, died sixteen years after he suffered injury from exposure to asbestos, argues that because she filed her claim for death benefits under the Worker's Compensation Act more than twelve years after her husband's injury, the fund, rather than her husband's former employer, is liable to pay her benefits. *See* WIS. STAT. § 102.17(4). Because we conclude that LIRC's legal conclusions are reasonable, we affirm the circuit court order.

### BACKGROUND

¶ 2. The parties stipulated to the facts. Robert sustained malignant mesothelioma as a result of occupational exposure at International Paper Company. His date of injury was his last day of work: December 16, 1983.

¶ 3. Robert died on May 17, 1999. On June 3, Lorraine filed a claim for death benefits under WIS. STAT. § 102.46. It is undisputed that Lorraine will re-

---

[1] All references to the Wisconsin Statutes are to the 1983–84 version unless indicated otherwise. We note for the reader's information that the key statutes at issue, WIS. STAT. § 102.46 and § 102.17(4), subsequently have not been amended.

ceive death benefits from either International Paper Company or the fund; at issue is which of the two is liable to pay the benefits.[2]

¶ 4. The administrative law judge concluded that because Lorraine had not filed a claim for death benefits within twelve years of Robert's injury, the fund was responsible for the payments. LIRC reversed, concluding that the twelve-year statute of limitations for death benefit claims began to run when Robert died, rather than when he was injured. Thus, LIRC concluded, because Lorraine filed her claim for benefits within twelve years of Robert's death, International Paper was liable to make the payments. The circuit court affirmed, and this appeal followed.

### STANDARD OF REVIEW

¶ 5. We review the decision of the administrative agency, not the circuit court. *Michels Pipeline Constr. v. LIRC*, 197 Wis. 2d 927, 930, 541 N.W.2d 241 (Ct. App. 1995). Whether International Paper or the fund is liable for the payment of death benefits presents a mixed question of fact and law. *See id.* at 931 (When the question on appeal is whether a statutory concept embraces a particular set of factual circumstances, the court is presented with mixed questions of fact and law.). Robert's dates of injury and death, and the date of Lorraine's application for death benefits, are questions of fact. LIRC's conclusion that the statute of limitations

---

[2] Although Lorraine will receive death benefits regardless of whether the fund or International Paper pays them, she seeks to have the fund pay the benefits because she asserts that any benefits paid by the fund would not be reduced by settlements Robert reached with several asbestos manufacturers. *See* WIS. STAT. § 102.29.

for death benefit applications began to run upon Robert's death presents a question of law.

■■■■■

¶ 6. LIRC's findings of fact are conclusive on appeal as long as they are supported by credible and substantial evidence. *Id.* LIRC's legal conclusions are subject to independent judicial review. *Id.* "However, the application of a statutory concept to a set of facts frequently also calls for a value judgment; and when the administrative agency's expertise is significant to the value judgment, the agency's decision is accorded some weight." *Id.*

¶ 7. The parties disagree on the level of deference we should afford LIRC's legal conclusions. Wieseler argues that LIRC's legal conclusions, and especially LIRC's conclusion that two Wisconsin Supreme Court cases are no longer applicable, should be afforded no deference. The fund and LIRC maintain that because LIRC is the agency charged with determining disputed compensation and has developed expertise in the area, its legal conclusions are entitled to great weight deference. They also note that LIRC and its predecessors "have vast experience in determining statute of limitations issues" under the Worker's Compensation Act.

■■■

¶ 8. Great weight deference to an agency's interpretation of a statute is appropriate when: (1) the agency is charged by the legislature with administering the statute; (2) the interpretation of the agency is one of long standing; (3) the agency employed its expertise or specialized knowledge in forming the interpretation; and (4) the agency's interpretation will provide uniformity in the application of the statute. *CBS, Inc. v. LIRC*, 219 Wis. 2d 564, 572, 579 N.W.2d 668 (1998).

¶ 9. In this case, neither party specifically addresses whether and to what extent these four factors have been established. Our general review of the case suggests that factors one, three and four are satisfied. Furthermore, it appears that LIRC considered as early as 1977 whether the statute of limitations for death benefits begins when the worker dies.[3] Although neither party has specifically identified when LIRC adopted its current position, it appears from references in the LIRC record that LIRC's position as of at least the late 1980s has been that the statute of limitations begins to run when the worker dies. We conclude that LIRC's interpretation is sufficiently long standing to satisfy the second factor and that we should afford LIRC's legal conclusions great weight deference.

¶ 10. Under the "great weight deference" standard, we will affirm LIRC's legal conclusions unless they are unreasonable. *See CBS*, 219 Wis. 2d at 573. We will not substitute our judgment for LIRC's application of the law to the facts if a rational basis exists in law for LIRC's interpretation, and it does not conflict with

---

[3] One authoritative source of information about Wisconsin's Worker's Compensation Act explained that LIRC addressed the issue as early as 1977:

> In the situation where a dependent of a deceased employee seeks to make a claim, there is some question of when the statute of limitation in section 102.17(4) begins to run. In an unpublished decision by the court of appeals and in several Dane County circuit court decisions, the statement "from the date of injury or death . . . whichever date is latest" has been construed to mean that the statute of limitations does not begin to run until the date of death.

JOHN D. NEAL & JOSEPH DANAS, JR., WORKER'S COMPENSATION HANDBOOK, § 8.47 (4th ed. 2000).

controlling precedent. *Klusendorf Chevrolet-Buick, Inc. v. LIRC*, 110 Wis. 2d 328, 331–32, 328 N.W.2d 890 (Ct. App. 1982).

### DISCUSSION

¶ 11. At issue are several sections of the Worker's Compensation Act as they existed on the date of Robert's injury, December 16, 1983. *See* WIS. STAT. § 102.03(4) (with few exceptions, the right to compensation and the amount of the compensation shall in all cases be determined in accordance with the provisions of law in effect as of the date of the injury). WISCONSIN STAT. § 102.46 provides the basis for Lorraine's claim for death benefits:

> Where death proximately results from the injury and the deceased leaves a person wholly dependent upon him or her for support, the death benefit shall equal 4 times his or her average annual earnings, but when added to the disability indemnity paid and due at the time of death, shall not exceed two-thirds of weekly wage for the number of weeks set out in s. 102.44 (3).

¶ 12. WISCONSIN STAT. § 102.17(4) establishes the statute of limitation:

> The right of an employee, the employee's legal representative or dependent to proceed under this section shall not extend beyond 12 years from the date of the injury or death or from the date that compensation, other than treatment or burial expenses, was last paid, or would have been last payable if no advancement were made, whichever date is latest. In the case of occupational disease there shall be no statute of limitations, except that benefits or treatment expense becoming due after 12 years from the date of injury or death or last payment of compensation shall be paid

from the work injury supplemental benefit fund under
s. 102.65 and in the manner provided in s. 102.66.

It is undisputed that pursuant to this section, Lorraine
can collect death benefits. Whether International Paper
or the fund must pay the benefits depends on whether
Lorraine's claim for death benefits needed to be filed
within twelve years of Robert's injury, or within twelve
years of his death.

¶ 13. LIRC concluded that a dependent has a
period of twelve years from the date of the fatally
injured employee's death to file a death benefit claim.
Lorraine and International Paper argue that this con-
clusion conflicts with two Wisconsin Supreme Court
decisions that denied dependents benefits and, there-
fore, should be reversed. *See Klusendorf Chevrolet-
Buick*, 110 Wis. 2d at 331–32.

¶ 14. In *Kohler Co. v. Industrial Comm'n*, 224
Wis. 369, 371–72, 271 N.W. 383 (1937), the court denied
a widow's application for benefits based on Wis.
Stat. § 102.09(3)(a) (1929), which was later amended
and renumbered as Wis. Stat. § 102.46 (1931).[4] The
statute provided that the death benefit available to
dependents "shall not exceed the maximum amount
which might have accrued to him for permanent total
disability if death had not ensued." *Kohler* concluded
that because the worker's claim for permanent total
disability benefits was time-barred by Wis.
Stat. § 102.12 (1929), the maximum amount that might
have accrued to him was zero.[5] *See Kohler*, 224 Wis. at

---

[4] Laws of 1931, ch. 403, § 50.

[5] Wisconsin Stat. § 102.12 (1929) required the worker to
provide his employer with notice when the worker knows or
ought to know the nature of the worker's disability and its
relation to the worker's employment.

371–72. Accordingly, because awarding any sum of death benefits would exceed that amount, the widow's claim for benefits was denied. *See id.*

¶ 15. In *Weissgerber v. Industrial Comm'n*, 242 Wis. 181, 183, 7 N.W.2d 415 (1943), the court again denied a widow's application for death benefits, relying in part on *Kohler*'s interpretation of the statute that became WIS. STAT. § 102.46. LIRC, in its decision here, discussed the applicability of both *Kohler* and *Weissgerber*:

> Both *Kohler* and *Weissgerber* were decided based on the wording of statutes which were precursors to the current Wis. Stat. § 102.46.[6] The wording of the precursor statutes differed significantly from the current Wis. Stat. § 102.46, in that they provided that a survivor's death benefit "shall not exceed the maximum amount which might have accrued to him (the deceased employe) for permanent total disability if death had not ensued." The *Kohler* court reasoned that since the employe's claim had become time-barred before he died, no amount "might have accrued ... if death had not ensued." In other words, the applicant had to have had a viable compensation claim at the time of his death in order for any death claim to be possible. The *Weissgerber* court, working with the same statutory language, adopted this reasoning and took it a step further. In *Weissgerber*, the applicant died *before* the statutory claiming period had expired, but the widow's application for death benefits was not filed until *after* that

---

[6] At issue in this case are the statutes as they existed in 1983, at the time of Robert's injury. *See* WIS. STAT. § 102.03(4). However, neither WIS. STAT. § 102.46 nor § 102.17(4) have been amended since that time. LIRC's reference to the "current" statute refers to § 102.46 as it existed in 1983 and today, as opposed to its wording at the time of *Weissgerber v. Industrial Comm'n*, 242 Wis. 181, 7 N.W.2d 415 (1943), and *Kohler Co. v. Industrial Comm'n*, 224 Wis. 369, 271 N.W. 383 (1937).

same statutory claiming period had expired. The court held that since the applicant's compensation claim would have been time-barred as of the date the widow filed her death benefit claim, the death benefit claim was precluded.

Thus, the *Weissgerber* and *Kohler* holdings were based on statutes which were interpreted as requiring that a viable compensation claim against the employer still be in existence at the time the widow makes her claim for death benefits. However, the current Wis. Stat. § 102.46 does not contain the "might have accrued ... if death had not ensued" language, upon which the *Weissgerber* and *Kohler* decisions were based. ...

[T]he current statute provides a survivor's death benefit which does not depend on whether the injured employe exercised his/her right to claim compensation while he/she lived, nor does it depend on whether the injured employe's right to claim compensation was still viable at the time the survivor claimed the death benefit. Given the straightforward, unambiguous language of the current Wis. Stat. 102.46, the dependent death benefit provided in that statute may be claimed as of the date of death of the deceased employe whose death proximately resulted from the work injury. Pursuant to the current Wis. Stat. 102.17(4), the dependent has a period of 12 years from the date of the fatally-injured employe's death to make his/her death benefit claim. Lorraine Wieseler therefore had 12 years from the date of Robert Wieseler's death to file her claim for a death benefit under Wis. Stat. 102.46. She filed the claim within three weeks of his death, and the claim is valid against International Paper Company.[7] (Footnote omitted.)

---

[7] LIRC also noted that because Robert executed third-party settlements with several asbestos manufacturers prior to his death, the provisions of WIS. STAT. § 102.29 may be applicable. Due to a lack of evidence in the record, LIRC remanded the matter to the Department of Industry, Labor & Human Rela-

¶ 16. We agree with LIRC's analysis that *Kohler* and *Weissgerber* are no longer controlling cases because the statute upon which they were based has been significantly amended. Furthermore, LIRC's conclusion that the statute of limitations for death benefits does not begin to run until the worker's death is reasonable and is consistent with the general rule that statutes of limitation begin to run at the time that the cause of action accrues. *See Wisconsin Nat. Gas Co. v. Ford, Bacon & Davis Constr. Corp.*, 96 Wis. 2d 314, 323, 291 N.W.2d 825 (1980). Because we conclude that LIRC's legal conclusions are reasonable, we affirm the circuit court order.

*By the Court.*—Order affirmed.

tions for calculation of the amount of death benefits due in light of the potential application of § 102.29. It appears that Wieseler appealed to the circuit court before the remand, so upon exhaustion of the current appeal, the case will return to the department for calculation.