State of Wisconsin, Plaintiff-Respondent,
v.
Todd Michael Klema, Defendant-Appellant.
No. 03-2250-CR.
Court of Appeals of Wisconsin.
Opinion Filed: March 18, 2004.
¶1. LUNDSTEN, J.[1]
Todd Klema appeals a judgment of the circuit court finding him guilty of disorderly conduct. We affirm the conviction.
¶2. As a result of an incident in a Watertown, Wisconsin, tavern, Klema was charged with disorderly conduct and fourth-degree sexual assault. A jury trial was held, and Klema was convicted of disorderly conduct but acquitted of fourth-degree sexual assault.
¶3. Klema argues that the verdicts were inconsistent. In Klema's view, if the evidence was insufficient to convict him of fourth-degree sexual assault, it was likewise insufficient to convict him of disorderly conduct because both charges were based on the same conduct. The State argues that there are ways to reconcile the verdicts so that they are not inconsistent. However, we need not address those arguments because, even assuming the verdicts are inconsistent, Klema cannot prevail.
¶4. The State correctly contends that this case is controlled by State v. Mills, 62 Wis. 2d 186, 214 N.W.2d 456 (1974). In Mills, the supreme court held that a conviction may not be reversed simply because it is inconsistent with another verdict. Mills states:
It has been universally held that logical consistency in the verdict as between the several counts in a criminal information is not required. The verdict will be upheld despite the fact that the counts of which the defendant was convicted cannot be logically reconciled with the counts of which the defendant was acquitted.
Id. at 191 (footnote omitted). More recently, in State v. Thomas, 161 Wis. 2d 616, 468 N.W.2d 729 (Ct. App. 1991), we observed:
The fact that a not-guilty verdict is inconsistent with another verdict finding the defendant guilty does not require, or by itself permit, reversal of a judgment entered on the finding of guilt, since there is no way of knowing whether the inconsistency was the result of leniency, mistake, or compromise.
Id. at 631 (citations omitted).
¶5. As the State points out, and Klema essentially concedes, we are bound by these prior decisions. See Cook v. Cook, 208 Wis. 2d 166, l89-90, 560 N.W.2d 246 (1997). To the extent Klema would like to see this topic revisited, he has preserved it for a possible petition for review in the supreme court.
By the Court.Judgment affirmed.
NOTES
[1] This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(f) (2001-02). All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.